**No. 60628.**—The Kemper-Thomas Co. *v.* United States, protest 258881–K (Cleveland).

FORD, Judge: This suit challenges the action of the collector of customs at Cincinnati, Ohio, in classifying certain imported merchandise as "Household articles, nspf, Chief value of steel, not plated, other," with the consequent levy of duty thereon at the rate of 20 percent ad valorem under paragraph 339 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739. Plaintiff claims said merchandise to be properly dutiable at 13¾ percent ad valorem under paragraph

372 of the Tariff Act of 1930, as modified, *supra*, as machines, finished or unfinished, other.

At the trial of this case, counsel for the parties agreed that, if the court should find that the plaintiff has established by competent evidence that the merchandise under protest does not fall within the provisions of paragraph 339 of the Tariff Act of 1930, it is a mechanical contrivance, consisting of various springs, levers, wheels, cams, and similar articles that utilize, modify, and apply energy or force. In view of this stipulation, the only question we are called upon to decide is whether the plaintiff has established by credible evidence that the involved merchandise is not chiefly used in the household.

Counsel for the plaintiff offered and there was admitted in evidence a sample of the subject merchandise, which was marked exhibit 1. Also, illustrative exhibit 2 was admitted in evidence for the purpose of showing how the mechanism of exhibit 1 works.

The evidence offered by counsel for the plaintiff amply supports the following facts, as set out in plaintiff's brief:

The Kemper-Thomas Company is in the business primarily of selling advertising gifts, such as Exhibit 1, to business firms. Items like Exhibit 1 ordinarily are sold either with the buyer's firm name thereon, or with the recipient business customer's name thereon.

Both witnesses must know and investigate to learn as a matter of business routine what class of people will use and be attracted by an article like Exhibit 1.

Neither witness had ever seen Exhibit 1 used in a household but they had frequently seen it used in many parts of the United States (Cincinnati, New York, Pittsburgh, Chicago, St. Louis, Los Angeles, Memphis, etc.) on a desk as office equipment.

The importer who was until recently the only seller of this item in the United States, had never sold Exhibit 1 to firms like Woolworths, Kresges, or department stores.

The imported merchandise was not a household item because of the nature of the article which was designed for use as office equipment.

The characteristics of the imported item which establish its nature and use as office equipment, rather than as a household utensil, are as follows:

(a) It is completely automatic and is designed to be changed daily to fit naturally and logically into normal office routine as business equipment.

(b) The color—neutral walnut plastic finish—as well as the shape—was designed to be used on a desk to harmonize with other office equipment, and a different color and shape would have been used for a home item.

(c) The price of the article—$7.00 or $8.00 each—brings it into the class of office equipment.

Many items of office equipment, such as staplers, standard typewriters, adding machines, etc., can be, and are, used in the home, but they are primarily office equipment.

The foregoing testimony quite definitely establishes that the subject merchandise does not belong to that class or kind of articles which were, at the date of the passage of the Tariff Act of 1930, or at the date of any of the trade agreements modifying said act, chiefly used in the home, this merchandise being a new invention in 1952.

In view of the foregoing facts and the stipulation of counsel, heretofore alluded to, we hold the merchandise covered by this protest, which was assessed with duty at 20 percent ad valorem under paragraph 339 of the Tariff Act of 1930, as modified, *supra*, to be properly dutiable at 13¾ percent ad valorem under paragraph 372 of said act, as modified, *supra*, as alleged by the plaintiff.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.